**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**ANDY V. JOSEPH,**

    Petitioner,

vs.                                          Case No. 4:12cv119-SPM/CAS

**KENNETH S. TUCKER, Secretary**
of Florida Department of Corrections,

    Respondent.

_____/


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

        On March 12, 2012, Petitioner Andy V. Joseph, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and supporting memorandum. Docs. 1 and 2. After direction by this Court (Doc. 5), Petitioner filed an amended § 2254 petition and supporting memorandum. Docs. 8 and 9. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Leon County, on January 11, 2006, following a no contest plea to charges of trafficking in cocaine and possession of cannabis. Doc. 8 at 1-2. On May 31, 2012, Respondent filed a motion to dismiss the § 2254 petition as untimely and successive, with exhibits. Doc. 11.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and successive, and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By amended information filed in August 2005, the State of Florida charged Petitioner with two counts:  (1) unlawfully and knowingly selling, purchasing, manufacturing, delivering, or knowingly in actual or constructive possession of 200 grams or more of a mixture containing cocaine, contrary to section 893.135, Florida Statutes; and (2) possession of cannabis with intent to sell or deliver, contrary to section 893.13(1)(a)2., Florida Statutes.  Doc. 11 Ex. C at 47.  These charges resulted from the consolidation of case number 2005-CF-2613 and 2005-CF-2502.  *Id.* at 21.  On January 11, 2006, pursuant to a negotiated plea agreement, Petitioner entered a no contest plea, and the state circuit court adjudicated him guilty and sentenced him to 17 years in prison, with a 3-year mandatory minimum, on Count 1, and 5 years in prison on Count 2, to run concurrent with Petitioner's sentence in a separate case, 2005-CF-2405, for which his probation was revoked.  *Id.* at 28, 30, 32-35, 38-39, 40-46; Ex. G at 8-17.  Petitioner did not timely appeal.  *See* Doc. 8 at 2; online docket for First District Court of Appeal (DCA) at www.1dca.org.

On or about March 31, 2006, Petitioner filed a petition for leave to file a belated appeal in the First DCA.  *See* Doc. 11 Ex. C at 21; online docket for case number 1D06-1572 at www.1dca.org.  The First DCA denied that petition on August 23, 2006, and denied Petitioner's motion for rehearing on October 31, 2006.  Joseph v. State, 937 So. 2d 126 (Fla. 1st DCA 2006) (table); online docket for case number 1D06-1572 at www.1dca.org.

On June 28, 2007, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state circuit court.  *See* Doc. 8 at 2; Doc. 11 Ex. C at 21.  The state circuit court denied the Rule 3.850 motion on August 21, 2007.  *See* Doc. 8 at 2a; Doc. 11 Ex. C at 21.  Petitioner appealed to the First DCA and filed a brief.  *See* Doc. 8 at 2a; online docket for 1D07-4862 at www.1dca.org.  The First DCA per curiam affirmed the case without an opinion on March 11, 2008.  Joseph v. State, 977 So. 2d 583 (Fla. 1st DCA 2008) (table).  The mandate issued on April 8, 2008.  *See* Doc. 11 Ex. C at 21; online docket for 1D07-4862 at www.1dca.org.

On June 18, 2009, Petitioner filed another Rule 3.850 motion in the state circuit court.  Doc. 11 Ex. C at 21.  Petitioner sought to vacate his plea and sentence based on alleged newly discovered evidence – that he recently learned his co-defendant had entered a plea to lesser charges approximately one month after Petitioner's plea, and his co-defendant had received a lesser sentence.  *Id.* at 22.  The state circuit court determined Petitioner's claim did not satisfy the newly discovered evidence exception to the two-year time period for filing a Rule 3.850 motion.  *Id.*  The court further pointed out that "[e]ven assuming [Petitioner] could not have discovered [his co-defendant's]

sentence from 2006 until recently, withdrawal of [Petitioner's] plea is not necessary to correct a manifest injustice" and "[t]he State has discretion to enter into different plea agreements with co-defendants." *Id.* "Defendant agreed to the terms of his plea, rather than proceeding to trial, because he determined the plea to be in his best interest." *Id.* The court denied Petitioner's Rule 3.850 motion. *Id.*

Petitioner appealed that denial to the First DCA and filed a brief. *See* online docket for case number 1D10-1357 at www.1dca.org. The First DCA per curiam affirmed the case without an opinion on June 2, 2010. Joseph v. State, 39 So. 3d 323 (Fla. 1st DCA 2010) (table); Doc. 11 Ex. D. That court denied Petitioner's motion for rehearing on July 12, 2010, and the mandate issued on July 28, 2010. See online docket for case number 1D10-1357 at www.1dca.org.

On September 7, 2011, Petitioner filed a third Rule 3.850 motion in the state circuit court, claiming the trial court never had subject matter jurisdiction over the offenses. Doc. 8 at 2b; Doc. 11 Ex. G. By order rendered September 19, 2011, the state circuit court denied the Rule 3.850 motion, finding the motion was untimely and did not meet any exceptions. Doc. 11 Ex. G. Petitioner appealed to the First DCA and filed a brief. *See* Doc. 8 at 2b; online docket for case number 1D11-5486 at www.1dca.org. The First DCA per curiam affirmed the case without an opinion on January 19, 2012. Joseph v. State, 78 So. 3d 538 (Fla. 1st DCA 2012) (table); Doc. 11 Ex. H. The mandate issued on February 14, 2012. *See* Doc. 11 Ex. C at 21; online docket for case number 1D11-5486 at www.1dca.org.

As indicated above, Petitioner filed his § 2254 petition in this Court on March 12, 2012.  Doc. 1.  After direction by this Court (Doc. 5), Petitioner filed an amended § 2254 petition and supporting memorandum.  Docs. 8 and 9.  Petitioner asserts one ground: "The Petitioner was denied his right to federal due process of law under the 14th Amendment and 5th Amendment where the trial court never acquired subject matter jurisdiction over charged drug offenses, where imposition of felony punishment for the commission of a strict liability offense violates due process."  Doc. 8 at 4-4a.  On May 31, 2012, Respondent filed a motion to dismiss the § 2254 petition as untimely and successive, with exhibits.  Doc. 11.  Petitioner has not filed a reply to the motion to dismiss.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* at § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* at

§ 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[1]

Respondent argues the § 2254 petition is untimely and successive. Doc. 11 at 1. For the procedural history of this case, Respondent references a prior § 2254 petition Petitioner filed in this Court, which challenged a different conviction. Doc. 11 at 2-5. Specifically, in case number 4:10cv377-SPM/WCS, Petitioner challenged his conviction out of the Second Judicial Circuit, Leon County, Florida, in case number 2002-CF-2405. *See* Doc. 17 (report and recommendation to dismiss with prejudice as untimely) in 4:10cv377-SPM/WCS; *see also* Doc. 23 (order of district judge adopting Doc. 17 and dismissing § 2254 petition with prejudice as untimely) in 4:10cv377-SPM/WCS. As indicated above, Petitioner was sentenced in both the instant underlying case (for the cocaine trafficking and cannabis possession with intent to sell offenses) and in 2002-CF-2405 (for a violation of probation) on January 11, 2006, and the sentences in the cases are running concurrently. *See* Doc. 11 Ex. C at 28, 30, 32-35, 38-39; Ex. G at 8-17.

As this Court explained in the Report and Recommendation issued in 4:10cv377-SPM/WCS, the state circuit court case 2002-CF-2405 concerned a sentence imposed after a violation of probation in a case in which Petitioner had originally entered a plea in May 2003. *See* Doc. 17 (report and recommendation to dismiss with prejudice as

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

untimely) in 4:10cv377-SPM/WCS; *see also* Doc. 23 (order of district judge adopting Doc. 17 and dismissing § 2254 petition with prejudice as untimely) in 4:10cv377-SPM/WCS.  In the instant proceeding, Petitioner challenges a different conviction, one imposed in state circuit court case 2005-CF-2502, which was consolidated with 2005-CF-2613, involving charges in connection with events that took place in July 2005.  *See* Doc. 8 at 1-2; Doc. 11 Ex. C at 21, 47.  Thus, because Petitioner currently challenges a different conviction from that challenged in 4:10cv377-SPM/WCS, Respondent's argument that Petitioner previously challenged this conviction in this Court, in case number 4:10cv377-SPM/WCS, is incorrect.  *See* Doc. 11 at 6-7.  Likewise, it appears Respondent is incorrect in asserting this proceeding is untimely simply because that proceeding was untimely.  *See id.* at 7-8.

Nevertheless, it does appear from a review of the file and exhibits attached to Respondent's motion, the instant § 2254 petition is untimely.  Petitioner did not timely appeal his conviction and it became final 30 days later, on February 10, 2006.  *See* 28 U.S.C. § 2244(d)(1)(A); Fla. R. App. P. 9.110(b); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires).  Although Petitioner sought leave to file a belated appeal, the First DCA denied that petition.  *See* Doc. 11 Ex. C at 21; online docket for case number 1D06-1572 at www.1dca.org.  Therefore, the date of finality may have remained February 10, 2006, commencing the one-year AEDPA time limitations period.  *Cf.* Jimenez v. Quarterman, 555 U.S. 113, 121 (2009) (holding that "where a state court *grants* a

criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" (emphasis added)); Williams v. Crist, 230 F. App'x 861, 867-68 (11th Cir. 2006) (acknowledging that "[w]e have not addressed whether a motion for a belated appeal [from the denial of a Rule 3.850 motion] tolls an *unexpired AEDPA period*" and holding that appellant's belated appeal motion did have "a tolling effect" under the facts presented, including that belated appeal motion was filed before AEDPA time expired, belated appeal motion was ultimately granted, appellant diligently pursued belated appeal, allowing appellant to purse belated 3.850 appeal within AEDPA time serves exhaustion requirement, and when appellant filed § 2254 petition, 131 days remained on AEDPA clock); Miller v. Crosby, 180 F. App'x 126, 128 (11th Cir. 2006) (acknowledging that "[w]e have not addressed whether a motion seeking a belated appeal tolls an unexpired AEDPA period" and declining to reach issue where appellant's § 2254 petition was untimely regardless of whether limitations period was tolled during pendency of petitions seeking belated appeal).  *But see* Patrick v. McDonough, 2007 WL 3231740 at *9-11 (N.D. Fla. Oct. 29, 2007) (adopting and incorporating magistrate judge's report and recommendation to deny motion to dismiss, which included analysis of cases on whether AEDPA time is tolled during petition for belated appeal and which concluded that time was tolled in this case, from date petition filed in appellate court through date of appellate court's denial of motion for rehearing).

Petitioner did not file anything else related to this conviction until over a year later, on June 28, 2007, when he filed a Rule 3.850 motion in the state circuit court. *See* Doc. 8 at 2; Doc. 11 Ex. C at 21.  By this time, however, Petitioner's one-year AEDPA period had expired.  *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied,* 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Accordingly, the § 2254 petition is untimely.

Even assuming Petitioner's AEDPA time was tolled during the pendency of his petition for leave to file a belated appeal, the instant § 2254 petition is still untimely.  Under this view, the AEDPA clock ran beginning February 11, 2006, for 49 days until March 31, 2006, when Petitioner filed his petition for leave to file a belated appeal in the First DCA.  The AEDPA time was tolled until the First DCA denied that petition on August 23, 2006, and then denied Petitioner's motion for rehearing on October 31, 2006.  *See* Miller, 180 F. App'x at 129 (explaining that state appellate court dismissed petition for belated appeal "and the limitations period resumed on the following day")

Patrick, 2007 WL 3231740 at *9-10 (explaining AEDPA time should be tolled from date petition for belated appeal filed in appellate court through date of appellate court's denial of motion for rehearing).  The AEDPA clock started again on November 1, 2006, and ran for 240 days until June 28, 2007, when Petitioner filed his Rule 3.850 motion in state circuit court.  At this point, a total of 289 untolled days had passed.  The AEDPA time was tolled until April 8, 2008, when the First DCA issued the mandate in its affirmance of the post-conviction trial court's denial of the Rule 3.850 motion.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (explaining that state collateral attach remains pending until appellate court issues mandate).  The AEDPA time then started again and expired 76 days later, on June 23, 2008.  Petitioner did not file anything else concerning this conviction until June 18, 2009, when he filed another Rule 3.850 motion in state court, almost a year after the AEDPA time had expired.

As set forth below, Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections.  This will also afford Petitioner a final opportunity to show good cause why this § 2254 petition should not be dismissed as untimely, and Petitioner may do so by filing a motion for reconsideration which will be referred to the undersigned magistrate judge by the Clerk.

## Conclusion

Because the § 2254 petition is untimely, Respondent's motion to dismiss should be granted.  The § 2254 petition should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:12cv119-SPM/CAS

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 11) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 8) be **SUMMARILY DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2012.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.